Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

PHILLIP GLASPER,

      Plaintiff,

v.

LAUNCH SERVICING, LLC;
TRANSUNION LLC; and EQUIFAX
INFORMATION SERVICES LLC

      Defendants.

Case No.: 3:22-cv-4418

**Complaint for Damages:**
1. **Violation of Fair Credit Reporting Act**
2. **Violation of Fair Debt Collection Practices Act**
3. **Violation of California Rosenthal Fair Debt Collection Practices Act**

Plaintiff, Phillip Glasper, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.     INTRODUCTION

1.     This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") the Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.     PARTIES

2.     Plaintiff is, and was at all times hereinafter mentioned, a resident of

the County of San Francisco, California.

3.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4.    Defendant, Launch Servicing, LLC ("Launch") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

5.    At all times pertinent hereto, Defendant Launch is a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.    Defendant Launch was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

7.    Defendants Launch is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

8.    Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in California.

9.    Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

10.    TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11.    TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

12.    At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13.     Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California.

14.     Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

15.     Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16.     Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17.     At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

18.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

19.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in San Francisco County, California and Defendants do business in California.

20.     Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.     FACTUAL ALLEGATIONS

21.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Launch, TransUnion, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

22.     Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

23.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24.     Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

25.     Plaintiff discovered a Launch account LaunchServic #4**** that did not belong to him appearing on his credit reports (the "Account").

26.     Plaintiff completed a Federal Trade Commission Identity Theft Report on May 27, 2022 reporting the fraudulent information associated with the Account for investigation and prosecution.

27.     The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates his credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

28.     On or about June 2, 2022, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

29.     On or about June 2, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

30.     Upon information and belief, TransUnion and Equifax forwarded Plaintiff's Dispute to Defendant Launch.

31.     Upon information and belief, Launch received notification of Plaintiff's TransUnion Dispute and Equifax Dispute ("Dispute Letters") from TransUnion and Equifax.

32.     Upon information and belief, Launch verified the erroneous information associated with the Account to TransUnion and Equifax.

33.   Launch failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34.   TransUnion and Equifax each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

35.   Upon information and belief, Launch failed to instruct TransUnion and Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

36.   TransUnion and Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

37.   At no point after receiving the Dispute Letters did Launch, TransUnion, or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

38.   TransUnion and Equifax relied on their own judgment and the information provided to them by Launch rather than grant credence to the information provided by Plaintiff.

## COUNT I – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

39.   Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40.   After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

41.   Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to

establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

42.    As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.    Defendant TransUnion 's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.    In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

45.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

46.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47.    After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

48.    Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

49.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51.     In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

53.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

55.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

56.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an

amount to be determined by the trier of fact.

57.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

59.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

60.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

61.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

62.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15

U.S.C. §1681n.

65.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – LAUNCH

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

67.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

68.     After receiving the Dispute Letters, Launch failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Launch's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Launch's representations to consumer credit reporting agencies, among other unlawful conduct.

70.     As a result of this conduct, action, and inaction of Defendant Launch, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71.     Defendant Launch's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72.     In the alternative, Defendant Launch was negligent, entitling

Plaintiff to recover damages under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Launch pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT VI – LAUNCH

### Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e

74.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

75.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

76.     "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

77.     "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'"  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

78.     More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as ensure that debt collectors who refrain from using such practices are not competitively disadvantaged. See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

79.     "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.'  This standard is less demanding than one that inquires whether a particular debt collection communication would mislead

or deceive a reasonable debtor."  Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau, 539 F.3d at 221); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

80.     "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.  This standard is consistent with the norms that courts have traditionally applied in consumer-protection law."  Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

81.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  See 15 U.S.C. § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

82.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

83.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse"). 64. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ."

15 U.S.C. § 1692e(8).

84.   Launch violated 15 U.S.C. § 1692e(2)(a) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's debt, including by reporting false information to the credit reporting agencies concerning the debt, and by failing to correct the false information once disputed.

85.   Launch violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

## COUNT VII – LAUNCH

### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

86.   Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

87.   Launch violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.   Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.   Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.   The costs of instituting this action together with reasonable attorney's fees

1     incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

2     D.   Any further legal and equitable relief as the court may deem just and proper in

3          the circumstances.

4

5        **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Launch for

6   noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined

7   by 15 U.S.C. § 1692 and demands:

8     A.   Adjudging that MS Services and Collection Bureau violated 15 U.S.C. § 1692e;

9     B.   Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of

10         $1,000.00;

11    C.   Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

12    D.   The costs of instituting this action together with reasonable attorneys' fees and

13         costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

14    E.   Any further legal and equitable relief as the court may deem just and proper in

15         the circumstances.

16

17       **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Launch for

18   noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies

19   as defined by Cal. Civ. Code § 1788.30 and demands:

20    A.   Adjudging that MS Services, Barclays, Collection Bureau, and Curacao violated

21         Cal. Civ. Code § 1788.17;

22    B.   Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of

23         $1,000.00;

24    C.   Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

25    D.   The costs of instituting this action together with reasonable attorneys' fees and

26         costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

27    E.   Any further legal and equitable relief as the court may deem just and proper in

28         the circumstances.

1

2

3   Respectfully submitted July 29, 2022.

4

5                                          */s/ Garrett Charity*
                                           Garrett Charity, Esq.
6                                          McCarthy Law, PLC
                                           4250 North Drinkwater Blvd, Suite 320
7                                          Scottsdale, AZ  85251
                                           Telephone: (602) 456-8900
8                                          Fax: (602) 218-4447
                                           Garrett.Charity@mccarthylawyer.com
9                                          Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28